# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| MICHAEL A. MAHONE, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 2:15CV37 SPM |
|  | ) |  |
| CORIZON HEALTH, INC., et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $2.00, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b).

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."

### The Complaint

Plaintiff alleges that in September 2012 he was bitten by a brown recluse spider, which caused a large wound to appear on his leg. He says that the wound became infected. He claims that defendants Dr. Cabrera, Dr. Stamps, and Dr. Wardell treated his condition, although

inadequately. Wardell tested his wound and told him that he had venous skin ulcers as a result of poor venous circulation, and he told him that his wound was not related to a spider bite.

Another doctor told plaintiff that his wound was serious and that his leg might have to have been amputated if it got worse. He was sent to an outside facility, where he was seen by defendant Dr. Strong, a wound care specialist, and Dr. Phillips, a vascular surgeon. He says that both doctors performed operations on his leg several times; Dr. Strong did three separate skin graft operations, and Dr. Phillips performed two surgeries on his veins to improve circulation. He claims that the skin grafts did not take. Plaintiff says that in the last three years, his wound has decreased in size but that he is still in pain and cannot walk without a device.

Plaintiff alleges that defendant Unknown Aarauberg, a Nurse Practitioner, provided him with "care" for some time. He claims that she stopped seeing him after he filed a grievance against her. However, he has not alleged that she refused to see him or that he has not been provided with care from other providers. He says he has been seen by defendant Cabrera.

Defendant claims that defendant Tammy Anderson denied his grievances. He claims that defendant Debra Bater, a nurse, incorrectly updated his medical chart. And he says that defendant Dr. Babich, Corizon's Medical Director in Jefferson City, never personally saw him.

Plaintiff alleges that all of the defendants in this case lied about his condition to cover up one another's mistakes.

## Discussion

Plaintiff filed a similar suit on February 6, 2014 against the Missouri Department of Corrections, Corizon Medical Services, Inc., Dr. Stamps, Dr. Archer, Dr. Wardell (incorrectly named "Wudell"), Lisa Spain, and Dana Jost. *Mahone v. Missouri Dep't of Corrections*, No. 4:14CV224 JAR (E.D. Mo.). Plaintiff alleged several facts that he has realleged in this case. He

2

claimed that he was bitten by a spider in September 2012, which resulted in a painful wound. And he said that Drs. Wardell and Stamps provided him with inadequate care. He also claimed that Dr. Unknown at the Northeast Correctional Center did not give him adequate treatment. This would be Dr. Cabrera. The Court dismissed that action under 28 U.S.C. § 1915(e) because it failed to state a claim upon which relief can be granted.

Many of the allegations in this complaint are duplicative of the allegations plaintiff brought in the 2014 case. The allegations that are repeated in this case are barred by res judicata. *E.g.*, *Cooper v. Delo*, 997 F.2d 376, 377 (8th Cir. 1993) (§ 1915(e) dismissal has res judicata effect on future IFP petitions). These claims are plaintiff's allegations against defendants Cabrera, Stamps, and Wardell, insofar as they occurred before February 2014, and they must be dismissed

To state a claim for medical mistreatment, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. *Estelle*, 429 U.S. at 106. In order to show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but deliberately disregarded those needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). In order to state a claim against Corizon, plaintiff must allege that there was a policy, custom or official action that caused an actionable injury. *Sanders v. Sears Roebuck & Co.*, 984 F.2d 972, 95-76 (8th Cir. 1993).

Plaintiff's allegations against defendants do not rise to the level of deliberate indifference. Plaintiff alleges that all of the doctors in this case treated his wound. He only claims that their treatment efforts were ineffective. This sounds in negligence. Furthermore, he

3

has not alleged that a policy of Corizon caused his injuries. As a result, his claims for medical mistreatment fail to state a claim upon which relief can be granted.

Similarly, plaintiff's claim that defendant Baker was inaccurate in her medical charting rises only to the level of negligence.

Section 1983 imposes liability on government actors acting under color of state law. 42 U.S.C. § 1983. "Private actors may incur section 1983 liability only if they are willing participants in a joint action with public servants acting under color of state law." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 536 (8th Cir.1999). To state a claim against a private actor under § 1983, a plaintiff "must establish, at the very least, an agreement or meeting of the minds between the private and state actors, and a corresponding violation of the plaintiffs' rights under the Constitution or laws of the United States." *Id.* Defendants Strong and Phillips are not state actors. Instead, they are outside doctors who are either hospital employees or in private practice. Therefore, the complaint also fails to state a claim against them for this reason.

"Only persons who cause or participate in the [constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." *George v. Smith*, 507 F. 3d 605, 609 (7th Cir. 2007) (citations omitted). In consequence, plaintiff's claims against defendant Anderson are frivolous. Plaintiff's claims against defendants Griffon and Babich are frivolous as well, because plaintiff has not alleged that either of them were directly responsible for any alleged harm.

Plaintiff's allegation that defendant Aarauberg retaliated against him by not seeing him after he filed a grievance is conclusory and does not state a plausible claim for relief. He has not alleged that she refused to see him or that he was denied care as a result of not seeing her.

4

To properly plead a claim for civil conspiracy under § 1983, a plaintiff must include factual allegations showing a "meeting of the minds" concerning unconstitutional conduct; although an express agreement between the purported conspirators need not be alleged, there must be something more than the summary allegation of a conspiracy before such a claim can withstand a motion to dismiss. *See Mershon v. Beasely*, 994 F.2d 449, 451 (8th Cir. 1993). Plaintiff's allegations that each of the defendants lied about his inadequate treatment are wholly conclusory and do not state a claim for relief.

For each of these reasons, this action must be dismissed under 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $2.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 17th day of June, 2015.

/s/ John A. Ross
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE